**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael Wilson, | ) | No. CV-11-0546-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| GMAC Mortgage, et al., | ) | |
| Defendants. | ) | |

We have before us plaintiff's motion to remand (doc. 8), defendants' response (doc. 9), and plaintiff's reply (doc. 10). We also have defendants' notice of supplemental support and authority (doc. 11). Plaintiff moves to remand on the grounds that (1) the amount in controversy does not meet the jurisdictional minimum, (2) the parties lack complete diversity, and (3) we should abstain because plaintiff's claims raise matters of significant state policy.

Plaintiff filed this action in the Superior Court of Arizona in Maricopa County. Defendants removed based on diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff asserts causes of action for (1) fraud, (2) constructive fraud, (3) breach of contract, (4) intentional infliction of emotional distress, (5) negligence, (6) violation of the Arizona Consumer Fraud Act, A.R.S. § 44-1521, et seq., and (7) unjust enrichment.

**I**

Plaintiff argues that defendants have not demonstrated that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a). "We strictly construe the removal

1    statute against removal jurisdiction.  Federal jurisdiction must be rejected if there is any
2    doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566
3    (9th Cir. 1992) (citations omitted).  Defendants bear the burden of establishing that removal
4    is proper.  Id.  When the amount in controversy is not clear from the face of the complaint,
5    defendant must show by a preponderance of the evidence that the jurisdictional threshold has
6    been met.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403–04 (9th Cir. 1996).

7        Plaintiff alleges the amount in controversy is $45,271.51, the amount plaintiff paid
8    defendants in accordance with the parties' settlement agreement, under which plaintiff was
9    to receive a loan modification and restoration of title.  Plaintiff alleges that defendants
10   breached the settlement agreement by failing to modify the loan and restore title to the
11   property.  Complaint, ¶ 40 (doc. 1-1).  Defendants argue that the amount in controversy is
12   the unpaid balance on plaintiff's home loan.  Although plaintiff's request for relief is made
13   in generalized terms, he apparently seeks to have the loan reinstated and title to the property
14   restored, in accordance with settlement agreement that defendants allegedly breached.  See
15   Complaint, ¶ 23.  Plaintiff's settlement offer, which proposes reducing the amount of the loan
16   from over $1.5 million to $787,500.00, also suggests that plaintiff seeks to reinstate the loan.
17   See Submission of Supplemental Support, ex. B, "Settlement Proposal" (doc. 11-1).  Courts
18   have concluded that "where a complaint seeks to invalidate a loan secured by a deed of trust,
19   the amount in controversy is the loan amount." Ngoc Nguyen v. Wells Fargo Bank, N.A.,
20   749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010).  Similarly, where plaintiff seeks to have a loan
21   reinstated, the amount in controversy is the value of the loan.  The unpaid balance of the loan
22   is at least $729,750, see Motion at 3, and therefore this action meets the jurisdictional
23   minimum.

24       We also note that even if we accepted plaintiff's argument that his complaint is not
25   about the underlying loan, but about the settlement agreement, it is still more likely than not
26   that the amount in controversy exceeds $75,000.  Plaintiff argues that the amount in
27   controversy is only $45,271.51, which he paid to defendants in accordance with the
28   settlement agreement.  But plaintiff asserts seven causes of action, and seeks compensatory,

1  statutory, and punitive damages.  It is more likely than not that the damages for all these
2  claims could exceed $75,000.

3  **II**

4        Plaintiff alleges that the <u>Notice of Removal</u> (doc. 1) applied the citizenship standard
5  for corporations to defendant limited liability companies ("LLCs").  <u>Motion</u> at 5.

6        Plaintiff is a citizen of Arizona.  Two of the GMAC defendants are LLCs,
7  Homecomings Financial LLC and GMAC Mortgage LLC.[1]  An "LLC is a citizen of every
8  state of which its owners/members are citizens." <u>Johnson v. Columbia Properties Anchorage,</u>
9  <u>LP</u>, 437 F.3d 894, 899 (9th Cir. 2006).  The GMAC LLCs are wholly owned indirect
10 subsidiaries of Ally Financial, Inc., a Delaware corporation.  <u>See</u> <u>Response</u> at 3.[2]  A
11 corporation is a citizen of the state in which it is incorporated and where it has its principal
12 place of business.  <u>See</u> 28 U.S.C. § 332(c)(1).  Ally Financial is incorporated in Delaware,
13 and has its principal place of business in either Pennsylvania, Michigan or Minnesota.
14 Plaintiff provides no evidence contradicting defendants' allegations regarding their
15 citizenship.  Because Ally Financial is not a citizen of Arizona, neither are the wholly-owned
16 LLC defendants.  Therefore, there is complete diversity among the parties.

17 **III**

18       Plaintiff argues that we should abstain from adjudicating his claims because his
19 complaint raises significant policy issues under Arizona law, and because our review will
20 disrupt the state's efforts to adjudicate matters of public concern, within the meaning of

21 _____

22       [1] Defendants assert that a third LLC defendant, GMAC Home Services, was sold to
23 another company, and has no affiliation with the GMAC parties.  <u>Notice of Removal</u> at 2–3.

24       [2] The <u>Notice of Removal</u> does not fully explain the ownership of the LLCs, simply
25 alleging that GMAC Mortgage and Homecomings Financial are Delaware corporations.
   <u>Notice of Removal</u>, ¶¶ 7, 9.  However, in their <u>Corporate Disclosure Statement</u>, defendants
26 allege that "GMAC Parties are indirect wholly owned subsidiaries of Ally Financial Inc."
   <u>Corporate Disclosure Statement</u> at 2 (doc. 5).  The uncontested allegations about the
27 citizenship of the LLCs' owners, along with the explanation of the parties' relationship in the
28 <u>Corporate Disclosure Statement</u>, are sufficient to establish the diversity of the parties.

1   Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098 (1943).

2   We "have a strict duty to exercise the jurisdiction that is conferred upon [us] by

3   Congress." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716, 116 S.Ct. 1712, 1720

4   (1996). We may abstain pursuant to the Burford doctrine only when a case presents

5   "difficult questions of state law . . . whose importance transcends the result in the case then

6   at bar," or if adjudication in this court would disrupt "state efforts to establish a coherent

7   policy with respect to a matter of substantial public concern." Id. 517 U.S. at 726–27, 116

8   S.Ct. at 1726 (citing New Orleans Public Service, Inc. v. Council of City of New Orleans,

9   491 U.S. 350, 361, 109 S.Ct. 2506, 2514 (1989)). The "power to dismiss recognized in

10  Burford represents an extraordinary and narrow exception to the duty of the District Court

11  to adjudicate a controversy properly before it." Id. (citing Colorado River Conservation Dist.

12  v. U.S., 424 U.S. 800, 813, 96 S.Ct 1236, 1244 (1976)). Burford abstention is only

13  appropriate upon a showing: "(1) that the state has concentrated suits involving the local

14  issue in a particular court; (2) the federal issues are not easily separable from complicated

15  state law issues with which the state courts may have special competence; and (3) that federal

16  review might disrupt state court efforts to establish a coherent policy." Tucker v. First Md.

17  Sav. & Loan, Inc., 942 F.2d 1401, 1404–05 (9th Cir. 1991).

18  Plaintiff points to Arizona's high rate of foreclosures, his claim under the Arizona

19  Consumer Fraud Act, and the state law scheme governing foreclosure. Here, the state has

20  not concentrated its actions in a particular court. Moreover, we have repeatedly denied

21  plaintiffs' requests for abstention and exercised jurisdiction over mortgage-related claims.

22  See, e.g., Schayes v. T.D. Service Co. of Arizona, 2011 WL 1793161, *6 (D. Ariz.); Schultz

23  v. BAC Home Loans Servicing, LP, 2011 WL 1771679, *3 (D. Ariz.); Campbell v.

24  California Reconveyance Co., 2011 WL 1740183, *1 (D. Ariz.); Frame v. Cal-Western

25  Reconveyance Corp., 2011 WL 1576712, *4 (D. Ariz.).

26  Plaintiff also argues that our adjudication of his claims would disrupt Arizona's efforts

27  to establish a coherent policy. See Poulos v. Caesars World, Inc., 379 F.3d 654, 671

28  (9th Cir. 2004). Plaintiff notes that Arizona has filed an action against Bank of America,

alleging violations of the Arizona Consumer Fraud Act, and contends that if we deny his motion to remand, it will "chill Arizona's interest in properly applying its consumer fraud laws and illegal foreclosure protections to state concerns." <u>Motion</u> at 9.  We disagree. Plaintiff's complaint does not implicate a "complicated state regulatory scheme." <u>United States v. Morros</u>, 268 F.3d 695, 705 (9th Cir. 2001).  In fact, "questions relating to foreclosures are regularly and seamlessly decided in Arizona's federal court." <u>Yares v. Bear Stearns Residential Mortg. Corp.</u>, 2011 WL 1376277, *5 (D. Ariz.).  Given the extent of foreclosure-related litigation in this state, plaintiff's contention that our jurisdiction will prevent the Arizona courts from fully addressing the issue is without merit.  <u>See</u> <u>Motion</u> at 10.  Moreover, if a truly unsettled question of state law arises that is critical to the state but has evaded state review, certification is potentially available.

Because plaintiff's claims do not arise from exceptional circumstances or raise novel issues of Arizona law, we do not abstain from exercising jurisdiction.

Therefore, **IT IS ORDERED DENYING** plaintiff's motion to remand (doc. 8).

DATED this 7th day of June, 2011.

_____
Frederick J. Martone
United States District Judge