**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael Wilson, | ) | CV 11-00546-PHX-FJM |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| GMAC Mortgage LLC; Homecomings Financial LLC, | ) ) ) | |
| Defendants. | ) ) ) | |

The court has before it plaintiff's motion to amend the Rule 16 scheduling order (doc. 46), plaintiff's motion to amend the first amended complaint (the "FAC") (doc. 47), defendants' combined response to both motions (doc. 51), and plaintiff's combined reply (doc. 55). We also have defendants' cross-motion for entry of final judgment (doc. 51) and plaintiff's response (doc. 55). Defendants did not file a reply in support of their cross-motion for entry of final judgment.

This action concerns a property plaintiff purchased by securing a mortgage that is serviced by defendants. In 2009, plaintiff fell behind on his payments and sought a loan modification from defendants. Plaintiff's loan modification application was denied in April 2010. At the end of April 2010, plaintiff and defendants signed a settlement agreement. This agreement would reinstate the loan on the property provided that plaintiff pay $45,271.51. The settlement agreement referenced that defendants would enter into a loan modification

1 according to the terms attached as exhibit A to the agreement, but an exhibit A was never 2 attached. Plaintiff alleges that defendants have failed to provide him with a loan 3 modification as promised in the settlement agreement. Defendants contend that there was 4 no binding agreement to modify plaintiff's loan.

5 The Rule 16 scheduling order stated that motions to amend the complaint must be 6 filed no later than June 30, 2011 (doc. 17). Plaintiff's FAC was filed on June 29, 2011 (doc. 7 27). We granted defendants' partial motion to dismiss (doc. 44) which dismissed the 8 following counts: actual fraud, constructive fraud, intentional infliction of emotional distress, 9 negligence, and deceptive practices in violation of A.R.S. § 44-1521. The remaining counts 10 are (1) breach of contract and (2) unjust enrichment. Defendants filed a motion for summary 11 judgment on November 4, 2011 (doc. 57), which is not fully briefed.

12 Plaintiff filed his motions to amend the scheduling order and to amend his complaint 13 on September 26, 2011. Plaintiff seeks to amend his complaint to dismiss defendant 14 Homecomings Financial. By doing so, plaintiff contends that the deficiencies in the counts 15 for actual fraud, constructive fraud, and deceptive practices will be cured because his 16 allegations of fraudulent conduct will be directed just to defendant GMAC Mortgage LLC 17 ("GMAC"). Defendants do not oppose the dismissal of Homecomings Financial from this 18 action, but argue that plaintiff has not shown good cause that would permit plaintiff to amend 19 the scheduling order.

20 Scheduling orders "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). 21 Good cause is primarily an inquiry into the diligence of the party who seeks to amend the 22 scheduling order. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). 23 Plaintiff contends that he could not have anticipated the content of defendants' partial motion 24 to dismiss at the time of the scheduling order, because the motion was filed several weeks 25 after the deadline for filing amendments to the complaint. We granted defendants' motion 26 to dismiss plaintiff's fraud-related claims under Rule 9(b), Fed. R. Civ. P. We concluded 27 based on established case law that claims alleging fraud that fail to separately discuss the 28 fraudulent conduct of each defendant do not satisfy Rule 9(b). Plaintiff's proposed second

- 2 -

1 amended complaint (the "SAC") does not add any new facts or detail to his fraud counts. 2 The sole substantive change is the substitution of "GMAC" in all places where the FAC listed 3 "defendants." Plaintiff has not shown why he could not have reasonably made this change 4 prior to the June 30, 2011 scheduling order deadline despite his diligence. Failure to 5 anticipate a Rule 9(b) challenge to his fraud claims based on established fraud pleading 6 requirements is not good cause. Because we find that plaintiff was not diligent, we do not 7 reach his arguments concerning lack of prejudice. Johnson,975 F.2d at 609 ("If th[e] party 8 was not diligent, the inquiry should end."). Plaintiff's motions to amend the scheduling order 9 and to amend his complaint are denied.

10 Anticipating that it will be dismissed from this action, defendant Homecomings 11 Financial moves for an entry of final judgment as to all claims in plaintiff's FAC. GMAC 12 also moves for entry of final judgment as to the previously dismissed negligence and 13 intentional infliction of emotional distress claims. Rule 54(b), Fed. R. Civ. P. permits a court 14 to direct entry of final judgment as to specific claims or parties in actions involving multiple 15 parties or multiple claims. We may only do so if we "expressly determine[] that there is no 16 just reason for delay." Id. In deciding whether there is no just reason for delay, we must 17 consider the judicial administrative consequences of entering a final judgment as to some 18 claims, keeping in mind "the historic federal policy against piecemeal appeals," and the 19 equitable interests involved. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8, 100 S. 20 Ct. 1460, 1465 (1980) (internal citation omitted). Entering a partial judgment under Rule 21 54(b) "must be reserved for the unusual case in which the costs and risks of multiplying the 22 number of proceedings and of overcrowding the appellate docket are outbalanced by pressing 23 needs of the litigants" in obtaining an early judgment for some claims. Frank Briscoe Co., 24 Inc. v. Morrison-Knudsen Co., Inc., 776 F.2d 1414, 1416 (9th Cir. 1985).

25 This multi-claim action is not the kind of unusual case that warrants an early final 26 judgment. Although plaintiff's negligence and intentional infliction of emotional distress 27 claims are premised on separate legal theories than his contract claims, the facts underlying 28 all of plaintiff's claims are the same. Entering final judgment as to these two claims would

authorize two opportunities for appeal. Defendants have not shown any pressing needs for an early judgment that outweigh the burden on the appellate docket that an entry of judgment at this stage of the proceedings would create. And because we deny plaintiff's motion to amend the complaint, Homecomings Financial is still a party to this action. Entry of final judgment in favor of Homecomings Financial as to all counts at this juncture is therefore premature.

**IT IS ORDERED DENYING** plaintiff's motion to amend the scheduling order (doc. 46).

**IT IS ORDERED DENYING** plaintiff's motion for leave to file a second amended complaint (doc. 47).

**IT IS ORDERED DENYING** defendants' cross-motion for entry of final judgment (doc. 51).

In light of the failure to include Homecomings Financial in the proposed second amended complaint, the parties may wish to stipulate to the dismissal of Homecomings Financial under Rule 41(a), Fed. R. Civ. P.

DATED this 16th day of November, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge