**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael Wilson, | ) | CV 11-00546-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| GMAC Mortgage LLC; Homecomings | ) | |
| Financial LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The court has before it defendants' motion for attorneys' fees (doc. 79) and memorandum in support of their motion (doc. 84), plaintiff's response (doc. 86), and defendants' reply (doc. 87).

This action arose out of a settlement agreement signed by plaintiff and defendant GMAC Mortgage LLC to reinstate the mortgage on plaintiff's property after plaintiff's property was sold to GMAC at a trustee's sale. The parties agreed to enter into a loan modification as described in Exhibit A to the agreement. However, the settlement agreement did not contain an Exhibit A.

Plaintiff's first amended complaint asserted claims for (1) actual fraud, (2) constructive fraud, (3) breach of contract, (4) intentional infliction of emotional distress ("IIED"), (5) negligence, (6) deceptive practices, and (7) unjust enrichment. We granted defendants' motion to dismiss claims one, two, four, five, and six (doc. 44). Summary

judgment was granted to defendants on the remaining claims (doc. 76). The parties stipulated to the dismissal of defendants' counterclaim for abuse of process without prejudice (doc. 67). Defendants now seek an award of attorneys' fees under A.R.S. § 12-341.01 in the total amount of $84,346.00, representing over 400 hours of work. This includes a request for $72,552.50 in fees expended defending this action, as well as $11,793.50 spent responding to the parallel proceedings plaintiff initiated with the Arizona Attorney General's Office and the Consumer Financial Protection Bureau.

Under A.R.S. § 12-341.01(A), a court may award reasonable attorney fees to the prevailing party in any action "arising out of a contract."[1] A court is not required to award the amount of attorney fees "actually paid," but may impose an award of fees "to mitigate the burden of the expense of litigation to establish. . . a just defense." Id. § 12-341.01(B). We consider several factors when deciding whether attorneys' fees should be granted, including (1) the merits of the unsuccessful party's claims; (2) whether this action could have settled or been avoided; (3) whether an award of fees would cause extreme hardship; (4) whether the successful party prevailed on all claims; (5) whether the action involved novel legal questions; and (6) whether an award of fees would discourage others from pursuing meritorious claims. Associated Indem. Corp. v. Warner, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985).

The first Warner factor favors an award of fees. Plaintiff's tort claims, although not entirely frivolous, were not meritorious. We dismissed plaintiff's fraud claims in the First Amended Complaint because they were not pled with particularity. Order on Mot. to Dismiss at 4-5. We dismissed plaintiff's negligence claim because he failed to plead plausible facts that defendants owed him a duty. Id. at 6-7. Plaintiff's IIED claim was dismissed for failure to allege inherently extreme and outrageous conduct. Id. at 7-8. Moreover, plaintiff's breach of contract and unjust enrichment claims were resolved as a

---

[1] The statute relating to attorneys' fees was amended by the Arizona legislature in May 2012. See 2012 Ariz. Legis. Serv. 305 (West). Because the new Act will not be effective until December 31, 2012, we apply the current version of A.R.S. § 12-341.01.

1 matter of law on summary judgment by applying basic principles of contract law.
2 Accordingly, although plaintiff "presented arguable issues. . . [t]o a court fully informed as
3 to the facts and the law, it should have been apparent that the claim was untenable." Grand
4 Real Estate, Inc. v. Sirignano, 139 Ariz. 8, 15, 676 P.2d 642, 649 (Ct. App. 1983).

5     We turn to the remaining factors. It is unclear whether the parties could have settled.
6 The parties engaged in some settlement negotiations. Plaintiff's ultimate goal was to secure
7 a loan modification. Plaintiff initially proposed a settlement that was rejected as
8 unreasonable, and defendants did not complete plaintiff's new loan modification application
9 prior to the end of this action. Defendants fault plaintiff for being unwilling to discuss
10 settlement sooner and plaintiff faults defendants for not timely processing his application.
11 As a result, this factor is neutral. Next, plaintiff has not argued that the assessment of fees
12 would result in extreme hardship. See Woerth v. City of Flagstaff, 167 Ariz. 412, 420, 808
13 P.2d 297, 305 (Ct. App. 1990). Accordingly, this factor does not weigh in favor of plaintiff.
14 Defendants prevailed on all of plaintiff's claims. Moreover, the legal questions presented,
15 involving basic contract and tort law, were not novel. And an award of fees in this case
16 would not discourage other plaintiffs with meritorious actions from pursuit of their claims.
17 In sum, after considering each of the Warner factors, we conclude that on balance an award
18 of attorneys' fees is appropriate.

19     Plaintiff asks that we exclude fees relating to defendants' counterclaim. We need only
20 consider the relative merit of the unsuccessful party's claims when deciding whether any
21 award of fees is appropriate. See Warner, 143 Ariz. at 570, 694 P.2d at 1184. However, an
22 award "should be made to mitigate the burden. . . to establish a just claim or a just defense,"
23 and can be less than the total amount expended. A.R.S. § 12-341.01(B). Plaintiff argues that
24 the counterclaim was unfounded. Because the counterclaim was dismissed by stipulation,
25 we did not rule on its merits, and do not do so here. We will, however, deduct the $3,799.00
26 defendants spent litigating (and ultimately dismissing) their counterclaim, because these fees
27 were incurred voluntarily and are separate from defendants' burden to defend against
28 plaintiff's claims.

1       We decline, however, to award any fees incurred in litigating the extraneous 2 complaints plaintiff filed with the Arizona Attorney General's Office and the Consumer 3 Financial Protection Bureau. Defendants argue that plaintiff's conduct in instituting parallel 4 proceedings vexatiously multiplied proceedings, warranting a sanction in this court. We 5 decline to sanction plaintiff for initiating proceedings in other forums which had no impact 6 on these proceedings. Accordingly, we will not award the $11,793.50 incurred in connection 7 with these other proceedings.

8       Plaintiff does not otherwise object to the reasonableness of the fees. Accordingly, **IT** 9 **IS ORDERED GRANTING** defendants' motion for attorneys' fees (doc. 79). The Clerk 10 shall enter judgment awarding defendants $68,753.50 in attorneys' fees.

11       DATED this 12th day of July, 2012.

                      */s/ Frederick J. Martone*
                         Frederick J. Martone
                         United States District Judge